IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
ST. LOUIS DIVISION

| | |
|---|---|
| STATE OF ARKANSAS, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, *et al.*,<br><br>　　　　Defendants. | Case No. 4:24-cv-636 |

**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE OPPOSITION TO PLAINTIFFS' MOTION FOR STAY AND PRELIMINARY INJUNCTION
AND UNOPPOSED MOTION TO EXCEED PAGE LIMITS**

On April 29, 2023, the Department of Education issued a rule titled Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 89 Fed. Reg. 33,474 (Apr. 29, 2024) [hereinafter Final Rule]. Among other things, the Rule amends the Department's Title IX regulations to provide greater protections for all students by clarifying (1) the scope and application of Title IX and (2) the obligations of schools to provide an educational environment free from discrimination on the basis of sex, including through responding to incidents of sex discrimination. The Final Rule is set to take effect on August 1, 2024.

Plaintiffs filed this lawsuit one week after the Final Rule was issued, but waited two more weeks to file their Motion for a 5 U.S.C. § 705 Stay and Preliminary Injunction. *See* ECF No. 12 (hereinafter "Plaintiffs' Motion"). Defendants request a nine-day extension, to June 14, 2024, to oppose this motion. The parties have conferred, and Plaintiffs stated that they would "consent to a

1

one-week extension, making the response due on June 11," but would oppose a motion for extension that sought three additional days to June 14, 2024. For the reasons detailed below, there is good cause to grant Defendants an extension to June 14, which would allow sufficient time to brief the important statutory and constitutional questions at issue and account for preexisting scheduling conflicts, while also allowing the Court to reach a decision well in advance of the challenged Rule's August 1 effective date.

Defendants also respectfully request leave exceed the page limits for their Opposition to Plaintiffs' Motion. Specifically, Defendants request leave to file a brief that is up to 50 pages, consistent with Plaintiffs' opening brief of similar length. Plaintiffs do not oppose this request for an extension of page limits.

## BACKGROUND

1. On April 19, 2024, Defendant the United States Department of Education announced its intention to promulgate the Final Rule that Plaintiffs challenge here, and released the unofficial text of the Rule on the Department's website. Final Rule (unofficial version), https://www2.ed.gov/about/offices/list/ocr/docs/t9-unofficial-final-rule-2024.pdf.

2. On April 29, 2024, the Final Rule was published in the Federal Register. *See generally*, 89 Fed. Reg. 33,474.

3. On May 7, 2024, Plaintiffs, the States of Arkansas, Missouri, Iowa, Nebraska, North Dakota, and South Dakota; and A.F., a minor by her mother, Sara Ford, filed a 57-page complaint challenging portions of the Final Rule. *See* ECF No. 1.

4. Two weeks later, on May 21, 2024, Plaintiffs' Motion was filed, with a Motion for Leave to File Excess Pages. Plaintiffs enclosed a brief of 48 pages, excluding tables, signatures, and certificates of service and compliance. *See* ECF No. 10.

5. Under Local Rule 4.01(B), Defendants' current deadline to oppose Plaintiffs' Motion is no earlier than June 5, 2024.

6. The parties conferred regarding the schedule for briefing on Plaintiffs' Motion, and Defendants proposed: 1) a nine-day extension for their opposition, to June 14; and 2) leave to file excess pages, not more than 50. Plaintiffs consented to the page limit extension.

7. With respect to the proposed schedule, Plaintiffs stated that they would oppose a an extension of Defendants' briefing deadline to June 14, citing a purported "need to ensure that briefing is concluded quickly enough that the district court has an adequate amount of time to issue a ruling in advance of the Final Rule's effective date" and concerns that "scheduling a hearing on the motion (if the district court desires one) could be impacted by the Fourth of July holiday." However, Defendants also stated that they would "consent to a one-week extension, making the response due on June 11 and Plaintiffs' reply due on June 21." Plaintiffs did not explain why they waited nearly three weeks after the Final Rule was issued to file their Motion, nor did they explain why a mere three additional days would materially impact their purported concerns under those circumstances.

**MOTION FOR EXTENSION OF TIME TO RESPOND**

Defendants respectfully seek a nine-day extension of time from June 5 to June 14, 2024 to respond to Plaintiffs' Motion. Plaintiffs' motion is 48 pages long, and Plaintiffs additionally attached two declarations. Plaintiffs' claims and arguments in support of their motion implicate both constitutional and statutory questions. Plaintiffs take issue with multiple portions of the challenged Final Rule. Additional time is necessary for Defendants to fully evaluate Plaintiffs' claims and to address these important issues, as well as to allow time for the requisite coordination

3

and intra- and inter-agency review. Thus, a nine-day extension would permit Defendants to prepare a response to Plaintiffs' Motion in a manner that would be of maximum assistance to the Court.

Moreover, Defendants' counsel currently face several other cases challenging the Final Rule, as well as other professional obligations on their time during the next several weeks.

In addition to the instant matter, Defendants respectfully inform this Court of the following deadlines in related cases challenging the same Final Rule. In each of these matters, the plaintiffs filed their complaints and motions for preliminary injunction before Plaintiffs filed theirs on May 7 and 21, respectively:

    a. *Louisiana et al. v. Cardona et al.,* No. 3:24-cv-563-TAD (opposition to preliminary injunction due June 4, 2024)

    b. *Alabama et al. v. Cardona et al.*, No. 7:24-cv-533-GMB (opposition to preliminary injunction due June 5, 2024; hearing scheduled July 1, 2024)

    c. *Tennessee et al. v. Cardona et al.*, No. 2:24-cv-72-DCR (opposition to intervenor-plaintiffs' motion for preliminary injunction due June 6, 2024)

    d. *Tennessee et al. v. Cardona et al.*, No. 2:24-cv-72-DCR (hearing on motions for preliminary injunction scheduled to start on June 10, 2024).

    e. *Texas v. Cardona et al.*, No. 2:24-cv-86-Z (preliminary injunction filed on May 14, 2024, with opposition deadline pending)

A nine-day extension would not interfere with the Court's ability to rule on Plaintiffs' motion well in advance of the August 1, 2024 effective date. If the Court grants Defendants' motion for an extension, briefing on Plaintiffs' motion for preliminary injunction will be completed by June 24, 2024. Plaintiffs would thus suffer no imminent or irreparable harm as a result.

Indeed, Plaintiffs themselves have expressed a willingness to extend the deadline to June 11, with briefing to be completed by June 21. But the schedule proposed by Plaintiffs directly conflicts with a hearing scheduled in another matter challenging the same Final Rule. *See*

4

*Tennessee et. al v. Cardona et. al*, No. 2:24-cv-72-DCR (E.D. Ky.), Dkt. 49 (Minute Order) ("The plaintiffs' motion for a preliminary injunction/stay is scheduled for hearing beginning Monday, June 10, 2024, at the hour of 9:00 a.m., and continuing as necessary through Friday, June 14, 2024"). The modest additional three days that Defendants request would allow Defendants' counsel to accommodate this conflict, without any similar prejudice to Plaintiffs on balance.

## UNOPPOSED MOTION FOR EXTENSION OF PAGE LIMITS

Defendants also respectfully request leave to file a brief that is up to fifty pages in response to Plaintiffs' 48-page brief in support of their motion. As Plaintiffs explained in their motion to file excess pages for their opening brief, the "issues raised in Plaintiffs' briefs are complex and significant, and so require more than 15 pages to explain." ECF No. 10 at 2. Defendants request a commensurate number of pages in order to respond to the arguments laid out in Plaintiffs' lengthy brief.

\*   \*   \*

Accordingly, for the foregoing reasons, Defendants respectfully request an extension of time to June 14, 2024 to file their opposition to Plaintiffs' motion for stay and preliminary injunction; Defendants also request an extension of the page limits in order to file an opposition that is up to 50 pages. A proposed order is enclosed.

5

Dated: May 28, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

EMILY B. NESTLER
Assistant Director, Federal Programs Branch

*/s/ Hannah M. Solomon-Strauss*
HANNAH M. SOLOMON-STRAUSS
Trial Attorney (NY Bar No. 5693890)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Tel: (202) 616-8198
Fax: (202) 616-8470
E-mail: Hannah.m.solomon-strauss@usdoj.gov

*Counsel for the Defendants*

### CERTIFICATE OF SERVICE

I certify that this motion was electronically filed with the Clerk of Court, using the CM/ECF system, on May 28, 2024, thereby serving all counsel of record.

*/s/ Hannah M. Solomon-Strauss*
HANNAH M. SOLOMON-STRAUSS
*Counsel for the Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# ST. LOUIS DIVISION

| | |
|---|---|
| THE STATE OF ARKANSAS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Case No. 4:24-CV-636 |
| UNITED STATES DEPARTMENT OF ) | |
| EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **[[PROPOSED]] ORDER**

Before the Court is Defendants' Motion for Extension of Time to File Opposition to Plaintiffs' Motion for Stay and Preliminary Injunction and Unopposed Motion to Exceed Page Limits. Upon consideration of the motion, and for good cause shown, the Court hereby enters the following order:

Defendants shall file their Opposition to Plaintiffs' Motion for 5 U.S.C. § 705 Stay and Preliminary Injunction, not to exceed 50 pages in length, not later than June 14, 2024.

SO ORDERED.

Dated: _____          _____
                                      UNITED STATES DISTRICT JUDGE